# EXHIBIT B

# Speech, Expression and Social Networking

**1021.1 PURPOSE AND SCOPE**
This policy is intended to address issues associated with the use of social networking sites, and provides guidelines for the regulation and balancing of member speech and expression with the needs of the Baldwin County Sheriff's Office.

This policy applies to all forms of communication including, but not limited to, film, video, print media, public or private speech and use of all internet services, including the Web, email, file transfer, remote computer access, news services, social networking, social media, instant messaging, blogs, forums, video and other file-sharing sites.

Nothing in this policy is intended to prohibit or infringe upon any communication, speech or expression that is protected under law. This includes speech and expression protected under state or federal constitutions as well as labor or other applicable laws. For example, this policy does not limit a member from speaking as a private citizen, including acting as an authorized member of an employee group, about matters of public concern, such as misconduct or corruption.

Members are encouraged to consult with their supervisors regarding any questions arising from the application or potential application of this policy.

**1021.2 POLICY**
Members of public entities occupy a trusted position in the community, and thus, their statements have the potential to contravene the policies and performance of the Baldwin County Sheriff's Office. Due to the nature of the work and influence associated with the law enforcement profession, it is necessary that members of this office be subject to certain reasonable limitations on their speech and expression. To achieve its mission and efficiently provide service to the public, the Office will carefully balance the individual member's rights against the needs and interests of the Office when exercising a reasonable degree of control over its members' speech and expression.

**1021.3 SAFETY**
Members should carefully consider the implications of their speech or any other form of expression when using the internet. Speech and expression that may negatively affect the safety of Baldwin County Sheriff's Office members, such as posting personal information in a public forum or posting a photograph taken with a GPS-enabled camera, can result in compromising a member's home address or family ties. Members should therefore not disseminate or post any information on any forum or medium that could reasonably be anticipated to compromise the safety of any member, a member's family or associates. Examples of the type of information that could reasonably be expected to compromise safety include:

- Disclosing a photograph and name or address of a deputy who is working undercover.
- Disclosing the address of a fellow office member.
- Otherwise disclosing where another member can be located off-duty.

**1021.4  PROHIBITED SPEECH, EXPRESSION AND CONDUCT**
To meet the safety, performance and public-trust needs of the Baldwin County Sheriff's Office, the following are prohibited unless the speech is otherwise protected (for example, a member speaking as a private citizen, including acting as an authorized member of an employee group, on a matter of public concern):

(a)  Speech or expression made pursuant to an official duty that tends to compromise or damage the mission, function, reputation or professionalism of the Office or its members.

(b)  Speech or expression that, while not made pursuant to an official duty, is significantly linked to, or related to, the Office and tends to compromise or damage the mission, function, reputation or professionalism of the Office or its members. Examples may include:

1.  Statements that indicate disregard for the law or the state or U.S. Constitutions.

2.  Expression that demonstrates support for criminal activity.

3.  Participation in sexually explicit photographs or videos for compensation or distribution.

(c)  Speech or expression that could reasonably be foreseen as having a negative impact on the credibility of the member as a witness. For example, posting to a website statements or expressions that glorify or endorse dishonesty, unlawful discrimination or illegal behavior.

(d)  Speech or expression of any form that could reasonably be foreseen as having a negative impact on the safety of the members of the Office (e.g., a statement on a blog that provides specific details as to how and when prisoner transportations are made could reasonably be foreseen as potentially jeopardizing employees by informing criminals of details that could facilitate an escape or attempted escape).

(e)  Speech or expression that is contrary to the canons of the Law Enforcement Code of Ethics as adopted by the Office.

(f)  Use or disclosure, through whatever means, of any information, photograph, video or other recording obtained or accessible as a result of employment or appointment with the Office for financial or personal gain, or any disclosure of such materials without the express authorization of the Sheriff or the authorized designee.

(g)  Posting, transmitting or disseminating any photographs, video or audio recordings, likenesses or images of office logos, emblems, uniforms, badges, patches, marked vehicles, equipment or other material that specifically identifies the Baldwin County Sheriff's Office on any personal or social networking or other website or web page, in an official capacity, implying or insinuating the explicit or implicit endorsement or approval of, or under the color of authority of the Sheriff or the Sheriff's Office without the express authorization of the Sheriff or Chief Deputy. Similar postings of a personal or incidental nature should be consistent with and reflect positively on the mission and culture of the Baldwin County Sheriff's Office and Law Enforcement Code of Ethics and

      the Office reserves the right to object to any such postings found to be incompatible with this standard.

Members must take reasonable and prompt action to remove any content, including content posted by others, that is in violation of this policy from any web page or website maintained by the employee (e.g., social or personal website).

### 1021.4.1 UNAUTHORIZED ENDORSEMENTS AND ADVERTISEMENTS

While members are not restricted from engaging in the following activities as private citizens or as authorized members of employee groups, members may not represent the Baldwin County Sheriff's Office or identify themselves in any way that could be reasonably perceived as representing the Office in order to do any of the following, unless specifically authorized by the Sheriff:

    (a)    Endorse, support, oppose or contradict any political campaign or initiative.

    (b)    Endorse, support, oppose or contradict any social issue, cause or religion.

    (c)    Endorse, support or oppose any product, service, company or other commercial entity.

    (d)    Appear in any commercial, social or nonprofit publication or any motion picture, film, video or public broadcast or on any website.

Additionally, when it can reasonably be construed that an employee, acting in his/her individual capacity or through an outside group or organization, including as an authorized member of an employee group, is affiliated with this office, the member shall give a specific disclaiming statement that any such speech or expression is not representative of the Baldwin County Sheriff's Office.

Members retain their rights to vote as they choose, to support candidates of their choice and to express their opinions as private citizens, including as authorized members of employee groups, on political subjects and candidates at all times while off-duty. However, members may not use their official authority or influence to interfere with or affect the result of elections or nominations for office. Members are also prohibited from directly or indirectly using their official authority to coerce, command or advise another employee to pay, lend or contribute anything of value to a party, committee, organization, agency or person for political purposes (5 USC § 1502).

### 1021.5 PRIVACY EXPECTATION

Members forfeit any expectation of privacy with regard to emails, texts or anything published or maintained through file-sharing software or any internet site (e.g., Facebook, InstaGram, Twitter) that is accessed, transmitted, received or reviewed on any office technology system (see the Information Technology Use Policy for additional guidance).

### 1021.6 CONSIDERATIONS

In determining whether to grant authorization of any speech or conduct that is prohibited under this policy, the factors that the Sheriff or the authorized designee should consider include:

(a) Whether the speech or conduct would negatively affect the efficiency of delivering public services.

(b) Whether the speech or conduct would be contrary to the good order of the Office or the efficiency or morale of its members.

(c) Whether the speech or conduct would reflect unfavorably upon the Office.

(d) Whether the speech or conduct would negatively affect the member's appearance of impartiality in the performance of his/her duties.

(e) Whether similar speech or conduct has been previously authorized.

(f) Whether the speech or conduct may be protected and outweighs any interest of the Office.

### 1021.7  TRAINING

Subject to available resources, the Office should provide training regarding the limitations on speech, expression and use of social networking to all members of the Office.

# Standards of Conduct

### 316.1 PURPOSE AND SCOPE
This policy establishes standards of conduct that are consistent with the values and mission of the Baldwin County Sheriff's Office and are expected of all office members. The standards contained in this policy are not intended to be an exhaustive list of requirements and prohibitions but they do identify many of the important matters concerning conduct. In addition to the provisions of this policy, members are subject to all other provisions contained in this manual, as well as any additional guidance on conduct that may be disseminated by this office or a member's supervisors.

### 316.2 POLICY
The continued employment or appointment of every member of this office shall be based on conduct that reasonably conforms to the guidelines set forth herein. Failure to meet the guidelines set forth in this policy, whether on- or off-duty, may be cause for disciplinary action.

### 316.3 DIRECTIVES AND ORDERS
Members shall comply with lawful directives and orders from any office supervisor or person in a position of authority, absent a reasonable and bona fide justification.

316.3.1 UNLAWFUL OR CONFLICTING ORDERS
Supervisors shall not knowingly issue orders or directives that, if carried out, would result in a violation of any law or office policy. Supervisors should not issue orders that conflict with any previous order without making reasonable clarification that the new order is intended to countermand the earlier order.

No member is required to obey any order that appears to be in direct conflict with any federal law, state law or local ordinance. Following a known unlawful order is not a defense and does not relieve the member from criminal or civil prosecution or administrative discipline. If the legality of an order is in doubt, the affected member shall ask the issuing supervisor to clarify the order or shall confer with a higher authority. The responsibility for refusal to obey rests with the member, who shall subsequently be required to justify the refusal.

Unless it would jeopardize the safety of any individual, members who are presented with a lawful order that is in conflict with a previous lawful order, office policy or other directive shall respectfully inform the issuing supervisor of the conflict. The issuing supervisor is responsible for either resolving the conflict or clarifying that the lawful order is intended to countermand the previous lawful order or directive, in which case the member is obliged to comply. Members who are compelled to follow a conflicting lawful order after having given the issuing supervisor the opportunity to correct the conflict will not be held accountable for disobedience of the lawful order or directive that was initially issued.

The person countermanding the original order shall notify, in writing, the person issuing the original order, indicating the action taken and the reason.

### 316.3.2   SUPERVISOR RESPONSIBILITIES

Supervisors and managers are required to follow all policies and procedures and may be subject to discipline for:

(a) Failure to be reasonably aware of the performance of their subordinates or to provide appropriate guidance and control.

(b) Failure to promptly and fully report any known misconduct of a member to his/her immediate supervisor or to document such misconduct appropriately or as required by policy.

(c) Directing a subordinate to violate a policy or directive, acquiescing to such a violation or exhibiting indifference to such a violation.

(d) Exercising unequal or disparate authority toward any member for malicious or other improper purpose.

### 316.4   GENERAL STANDARDS

Members shall conduct themselves, whether on- or off-duty, in accordance with the United States and Alabama constitutions and all applicable laws, ordinances, and rules enacted or established pursuant to legal authority.

Members shall familiarize themselves with policies and procedures and are responsible for compliance with each. Members should seek clarification and guidance from supervisors in the event of any perceived ambiguity or uncertainty.

Discipline may be initiated for any good cause. It is not mandatory that a specific policy or rule violation be cited to sustain discipline. This policy is not intended to cover every possible type of misconduct.

### 316.5   CAUSES FOR DISCIPLINE

The following are illustrative of causes for disciplinary action. This list is not intended to cover every possible type of misconduct and does not preclude the recommendation of disciplinary action for violation of other rules, standards, ethics and specific action or inaction that is detrimental to efficient office service.

### 316.5.1   LAWS, RULES AND ORDERS

(a) Violation of, or ordering or instructing a subordinate to violate, any policy, procedure, rule, order, directive or requirement, or failure to follow instructions contained in office or County manuals.

(b) Disobedience of any legal directive or order issued by any office member of a higher rank.

(c) Violation of federal, state, local or administrative laws, rules or regulations.

316.5.2   ETHICS

    (a)    Using or disclosing one's status as a member of the Baldwin County Sheriff's Office in any way that could reasonably be perceived as an attempt to gain influence or authority for non-office business or activity.

    (b)    The wrongful or unlawful exercise of authority on the part of any member for malicious purpose, personal gain, willful deceit, or any other improper purpose.

    (c)    The receipt or acceptance of a reward, fee, or gift from any person for service incident to the performance of the member's duties (lawful subpoena fees and authorized work permits excepted).

    (d)    Acceptance of fees, gifts, or money contrary to the rules of this office and/or laws of the state.

    (e)    Offer or acceptance of a bribe or gratuity.

    (f)    Misappropriation or misuse of public funds, property, personnel, or services.

    (g)    Any other failure to abide by the standards of ethical conduct.

316.5.3   DISCRIMINATION, OPPRESSION, OR FAVORITISM

Unless required by law or policy, discriminating against, oppressing, or providing favoritism to any person because of actual or perceived characteristics such as race, ethnicity, national origin, religion, sex, sexual orientation, gender identity or expression, age, disability, economic status, cultural group, veteran status, marital status, and any other classification or status protected by law, or intentionally denying or impeding another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing the conduct is unlawful.

316.5.4   RELATIONSHIPS

    (a)    Unwelcome solicitation of a personal or sexual relationship while on-duty or through the use of one's official capacity.

    (b)    Engaging in on-duty sexual activity including, but not limited to, sexual intercourse, excessive displays of public affection or other sexual contact.

    (c)    Establishing or maintaining an inappropriate personal or financial relationship, as a result of an investigation, with a known victim, witness, suspect or defendant while a case is being investigated or prosecuted, or as a direct result of any official contact.

    (d)    Associating with or joining a criminal gang, organized crime and/or criminal syndicate when the member knows or reasonably should know of the criminal nature of the organization. This includes any organization involved in a definable criminal activity or enterprise, except as specifically directed and authorized by this office.

    (e)    Associating on a personal, rather than official, basis with persons who demonstrate recurring involvement in serious violations of state or federal laws after the member knows, or reasonably should know of such criminal activities, except as specifically directed and authorized by this office.

### 316.5.5 ATTENDANCE

(a) Leaving the job to which the member is assigned during duty hours without reasonable excuse and proper permission and approval.

(b) Unexcused or unauthorized absence or tardiness.

(c) Excessive absenteeism or abuse of leave privileges.

(d) Failure to report to work or to the place of assignment at the time specified and fully prepared to perform duties without reasonable excuse.

### 316.5.6 UNAUTHORIZED ACCESS, DISCLOSURE, OR USE

(a) Unauthorized and inappropriate intentional release of confidential or protected information, materials, data, forms, or reports obtained as a result of the member's position with this office.

(b) Disclosing to any unauthorized person any active investigation information.

(c) The use of any information, photograph, video, or other recording obtained or accessed as a result of employment or appointment to this office for personal or financial gain or without the express authorization of the Sheriff or the authorized designee.

(d) Loaning, selling, allowing unauthorized use, giving away, or appropriating any office property for personal use, personal gain, or any other improper or unauthorized use or purpose.

(e) Using office resources in association with any portion of an independent civil action. These resources include but are not limited to personnel, vehicles, equipment, and non-subpoenaed records.

### 316.5.7 EFFICIENCY

(a) Neglect of duty.

(b) Unsatisfactory work performance including but not limited to failure, incompetence, inefficiency, or delay in performing and/or carrying out proper orders, work assignments, or the instructions of supervisors without a reasonable and bona fide excuse.

(c) Concealing, attempting to conceal, removing, or destroying defective or incompetent work.

(d) Unauthorized sleeping during on-duty time or assignments.

(e) Failure to notify the Office within 24 hours of any change in residence address or contact numbers.

(f) Failure to notify the Human Resources of changes in relevant personal information (e.g., information associated with benefits determination) in a timely fashion.

### 316.5.8 PERFORMANCE

(a) Failure to disclose or misrepresenting material facts, or making any false or misleading statement on any application, examination form, or other official document, report, or form, or during the course of any work-related investigation.

(b) The falsification of any work-related records, making misleading entries or statements with the intent to deceive, or the willful and unauthorized removal, alteration, destruction and/or mutilation of any office record, public record, book, paper, or document.

(c) Failure to participate in investigations, or giving false or misleading statements, or misrepresenting or omitting material information to a supervisor or other person in a position of authority, in connection with any investigation or in the reporting of any office-related business.

(d) Being untruthful or knowingly making false, misleading, or malicious statements that are reasonably calculated to harm the reputation, authority, or official standing of this office or its members.

(e) Disparaging remarks or conduct concerning duly constituted authority to the extent that such conduct disrupts the efficiency of this office or subverts the good order, efficiency, and discipline of this office or that would tend to discredit any of its members.

(f) Unlawful gambling or unlawful betting at any time or any place. Legal gambling or betting under any of the following conditions:

   1. While on office premises.
   2. At any work site, while on--duty or while in uniform, or while using any office equipment or system.
   3. Gambling activity undertaken as part of a deputy's official duties and with the express knowledge and permission of a direct supervisor is exempt from this prohibition.

(g) Improper political activity including:

   1. Unauthorized attendance while on--duty at official legislative or political sessions.
   2. Solicitations, speeches, or distribution of campaign literature for or against any political candidate or position while on-duty or on office property except as expressly authorized by County policy or the Sheriff.

(h) Engaging in political activities during assigned working hours except as expressly authorized by County policy or the Sheriff.

(i) Any act on- or off-duty that brings discredit to this office.

### 316.5.9 CONDUCT

(a) Failure of any member to promptly and fully report activities on his/her part or the part of any other member where such activities resulted in contact with any other law enforcement agency or that may result in criminal prosecution or discipline under this policy.

- (b) Unreasonable and unwarranted force to a person encountered or a person under arrest.
- (c) Exceeding lawful peace officer powers by unreasonable, unlawful or excessive conduct.
- (d) Unauthorized or unlawful fighting, threatening or attempting to inflict unlawful bodily harm on another.
- (e) Engaging in horseplay that reasonably could result in injury or property damage.
- (f) Discourteous, disrespectful or discriminatory treatment of any member of the public or any member of this office or the County.
- (g) Criminal, dishonest or disgraceful conduct, whether on- or off-duty, that adversely affects the member's relationship with this office.
- (h) Unauthorized possession of, loss of, or damage to office property or the property of others, or endangering it through carelessness or maliciousness.
- (i) Attempted or actual theft of office property; misappropriation or misuse of public funds, property, personnel or the services or property of others; unauthorized removal or possession of office property or the property of another person.
- (j) Activity that is incompatible with a member's conditions of employment or appointment as established by law including fraud in securing the appointment or hire.
- (k) Initiating any civil action for recovery of any damages or injuries incurred in the course and scope of employment or appointment without first notifying the Sheriff of such action.
- (l) Any other on- or off-duty conduct which any member knows or reasonably should know is unbecoming a member of this office, is contrary to good order, efficiency or morale, or tends to reflect unfavorably upon this office or its members.

### 316.5.10 SAFETY

- (a) Failure to observe or violating office safety standards or safe working practices.
- (b) Failure to maintain current licenses or certifications required for the assignment or position (e.g., driver's license, first aid).
- (c) Failure to maintain good physical condition sufficient to adequately and safely perform law enforcement duties.
- (d) Unsafe firearm or other dangerous weapon handling including loading or unloading firearms in an unsafe manner, either on- or off-duty.
- (e) Carrying, while on the premises of the work site, any firearm or other lethal weapon that is not authorized by the member's appointing authority.
- (f) Unsafe or improper driving habits or actions in the course of employment or appointment.
- (g) Any personal action contributing to a preventable traffic accident.

    (h)    Concealing or knowingly failing to report any on-the-job or work-related accident or injury as soon as practicable but within 24 hours.

### 316.5.11  INTOXICANTS

(a) Reporting for work or being at work while intoxicated or when the member's ability to perform assigned duties is impaired due to the use of alcohol, medication or drugs, whether legal, prescribed or illegal.

(b) Possession or use of alcohol at any work site or while on-duty, except as authorized in the performance of an official assignment. A member who is authorized to consume alcohol is not permitted to do so to such a degree that it may impair on-duty performance.

(c) Unauthorized possession, use of, or attempting to bring a controlled substance, illegal drug or non-prescribed medication to any work site.

# Discriminatory Harassment

### 313.1  PURPOSE AND SCOPE
The purpose of this policy is to prevent office members from being subjected to discriminatory harassment, including sexual harassment and retaliation. Nothing in this policy is intended to create a legal or employment right or duty that is not created by law.

### 313.2  POLICY
The Baldwin County Sheriff's Office is an equal opportunity employer and is committed to creating and maintaining a work environment that is free of all forms of discriminatory harassment, including sexual harassment and retaliation. The Office will not tolerate discrimination against a member in hiring, promotion, discharge, compensation, fringe benefits and other privileges of employment. The Office will take preventive and corrective action to address any behavior that violates this policy or the rights and privileges it is designed to protect.

The nondiscrimination policies of the Office may be more comprehensive than state or federal law. Conduct that violates this policy may not violate state or federal law but still could subject a member to discipline.

### 313.3  DEFINITIONS
Definitions related to this policy include:

#### 313.3.1  DISCRIMINATION
The Office prohibits all forms of discrimination, including any employment-related action by a member that adversely affects an applicant or member and is based on actual or perceived race, ethnicity, national origin, religion, sex, sexual orientation, gender identity or expression, age, disability, pregnancy, genetic information, veteran status, marital status, and any other classification or status protected by law.

Discriminatory harassment, including sexual harassment, is verbal or physical conduct that demeans or shows hostility or aversion toward an individual based upon that individual's protected class. It has the effect of interfering with an individual's work performance or creating a hostile or abusive work environment.

Conduct that may, under certain circumstances, constitute discriminatory harassment can include making derogatory comments; making crude and offensive statements or remarks; making slurs or off-color jokes; stereotyping; engaging in threatening acts; making indecent gestures, pictures, cartoons, posters, or material; making inappropriate physical contact; or using written material or office equipment and/or systems to transmit or receive offensive material, statements, or pictures. Such conduct is contrary to office policy and to a work environment that is free of discrimination.

#### 313.3.2  RETALIATION
Retaliation is treating a person differently or engaging in acts of reprisal or intimidation against the person because the person has engaged in protected activity, filed a charge of discrimination,

participated in an investigation, or opposed a discriminatory practice. Retaliation will not be tolerated.

### 313.3.3   SEXUAL HARASSMENT
The Office prohibits all forms of discrimination and discriminatory harassment, including sexual harassment. It is unlawful to harass an applicant or a member because of that person's sex.

Sexual harassment includes but is not limited to unwelcome sexual advances, requests for sexual favors, or other verbal, visual, or physical conduct of a sexual nature when:

(a) Submission to such conduct is made either explicitly or implicitly as a term or condition of employment, position, or compensation.

(b) Submission to, or rejection of, such conduct is used as the basis for any employment decisions affecting the member.

(c) Such conduct has the purpose or effect of substantially interfering with a member's work performance or creating an intimidating, hostile, or offensive work environment.

### 313.3.4   ADDITIONAL CONSIDERATIONS
Discrimination and discriminatory harassment do not include actions that are in accordance with established rules, principles, or standards, including:

(a) Acts or omission of acts based solely upon bona fide occupational qualifications under the Equal Employment Opportunity Commission and guidelines.

(b) Bona fide requests or demands by a supervisor that the member improve the member's work quality or output, that the member report to the job site on time, that the member comply with county or office rules or regulations, or any other appropriate work-related communication between supervisor and member.

## 313.4   RESPONSIBILITIES
This policy applies to all office members, who shall follow the intent of these guidelines in a manner that reflects office policy, professional standards, and the best interest of the Office and its mission.

Members are encouraged to promptly report any discriminatory, retaliatory, or harassing conduct or known violations of this policy to a supervisor. Any member who is not comfortable with reporting violations of this policy to the member's immediate supervisor may bypass the chain of command and make the report to a higher-ranking supervisor or manager. Complaints may also be filed with the Sheriff, the Director of Human Resources, or the County Administrator.

Any member who believes, in good faith, that the member has been discriminated against, harassed, or subjected to retaliation, or who has observed harassment, discrimination, or retaliation, is encouraged to promptly report such conduct in accordance with the procedures set forth in this policy.

Supervisors and managers receiving information regarding alleged violations of this policy shall determine if there is any basis for the allegation and shall proceed with a resolution as stated below.

### 313.4.1 QUESTIONS OR CLARIFICATION
Members with questions regarding what constitutes discrimination, sexual harassment, or retaliation are encouraged to contact a supervisor, a manager, the Sheriff, the Director of Human Resources, or the County Administrator for further information, direction, or clarification.

### 313.4.2 SUPERVISOR RESPONSIBILITIES
The responsibilities of supervisors and managers shall include but are not limited to:

(a) Continually monitoring the work environment and striving to ensure that it is free from all types of unlawful discrimination, including harassment or retaliation.

(b) Taking prompt, appropriate action within their work units to avoid and minimize the incidence of any form of discrimination, harassment, or retaliation.

(c) Ensuring that their subordinates understand their responsibilities under this policy.

(d) Ensuring that members who make complaints or who oppose any unlawful employment practices are protected from retaliation and that such matters are kept confidential to the extent possible.

(e) Making a timely determination regarding the substance of any allegation based upon all available facts.

(f) Notifying the Sheriff or the Director of Human Resources in writing of the circumstances surrounding any reported allegations or observed acts of discrimination, harassment, or retaliation no later than the next business day.

### 313.4.3 SUPERVISOR'S ROLE
Supervisors and managers shall be aware of the following:

(a) Behavior of supervisors and managers should represent the values of the Office and professional standards.

(b) False or mistaken accusations of discrimination, harassment, or retaliation can have negative effects on the careers of innocent members.

Nothing in this section shall be construed to prevent supervisors or managers from discharging supervisory or management responsibilities, such as determining duty assignments, evaluating or counseling members, or issuing discipline in a manner that is consistent with established procedures.

## 313.5 INVESTIGATION OF COMPLAINTS
Various methods of resolution exist. During the pendency of any such investigation, the supervisor of the involved member should take prompt and reasonable steps to mitigate or eliminate any continuing abusive or hostile work environment. It is the policy of the Office that all complaints of discrimination, retaliation, or harassment shall be fully documented, and promptly and thoroughly investigated.

### 313.5.1 SUPERVISOR RESOLUTION

Members who believe they are experiencing discrimination, harassment, or retaliation should be encouraged to inform the individual that the behavior is unwelcome, offensive, unprofessional, or inappropriate. However, if the member feels uncomfortable or threatened or has difficulty expressing the member's concern, or if this does not resolve the concern, assistance should be sought from a supervisor or manager who is a rank higher than the alleged transgressor.

### 313.5.2 FORMAL INVESTIGATION

If the complaint cannot be satisfactorily resolved through the supervisory resolution process, a formal investigation will be conducted.

The person assigned to investigate the complaint will have full authority to investigate all aspects of the complaint. Investigative authority includes access to records and the cooperation of any members involved. No influence will be used to suppress any complaint and no member will be subject to retaliation or reprisal for filing a complaint, encouraging others to file a complaint, or for offering testimony or evidence in an investigation.

Formal investigation of the complaint will be confidential to the extent possible and will include but is not limited to details of the specific incident, frequency and dates of occurrences, and names of any witnesses. Witnesses will be advised regarding the prohibition against retaliation, and that a disciplinary process, up to and including termination, may result if retaliation occurs.

Members who believe they have been discriminated against, harassed, or retaliated against because of their protected status are encouraged to follow the chain of command but may also file a complaint directly with the Sheriff, the Director of Human Resources, or the County Administrator.

### 313.5.3 ALTERNATIVE COMPLAINT PROCESS

No provision of this policy shall be construed to prevent any member from seeking legal redress outside the Office. Members who believe that they have been harassed, discriminated against, or retaliated against are entitled to bring complaints of employment discrimination to federal, state, and/or local agencies responsible for investigating such allegations. Specific time limitations apply to the filing of such charges. Members are advised that proceeding with complaints under the provisions of this policy does not in any way affect those filing requirements.

## 313.6 DOCUMENTATION OF COMPLAINTS

All complaints or allegations shall be thoroughly documented on the appropriate forms and in a manner designated by the Sheriff. The outcome of all reports shall be:

   (a) Approved by the Sheriff, the County Administrator, or the Director of Human Resources, depending on the ranks of the involved parties.

   (b) Maintained in accordance with the established records retention schedule.

### 313.6.1 NOTIFICATION OF DISPOSITION

The complainant and/or victim will be notified in writing of the disposition of the investigation and the actions taken to remedy or address the circumstances giving rise to the complaint.

## 313.7 TRAINING

All new members shall be provided with a copy of this policy as part of their orientation. The policy shall be reviewed with each new member. The member shall certify by signing the prescribed form that the member has been advised of this policy, is aware of and understands its contents, and agrees to abide by its provisions during the member's term with the Office.

All members shall receive annual training on the requirements of this policy and shall certify by signing the prescribed form that they have reviewed the policy, understand its contents, and agree that they will continue to abide by its provisions.